# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **CASCADE ENERGY AND METALS CORP.,**<br><br>    **Plaintiff,**<br>**vs.**<br>**JEFFREY G. BANKS, et al,**<br><br>    **Defendant.** | CASE NO: MS04-5735-EJL<br><br> **MEMORANDUM DECISION AND ORDER** |

Pending before the Court in the above entitled matter are Defendant W. David Weston's motions to quash and motion to stay. The time for filing responsive briefing has expired and, therefore, the motions are ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1.

ORDER-Page 1
05ORDERS\Cascade

**Factual and Procedural Background**

On December 8, 2004, registered a judgment entered by the United States District Court for the District of Utah, Central Division, on October 31, 2001.[1] (Dkt. No. 1, Ex. A). The judgment was entered following a trial before the Utah court as against W. David Weston and Rex Montis Silver Company jointly and severally. As noted in the certification of judgment, the judgment was affirmed on appeal and is therefore a final judgment. (Dkt. No. 1, Ex. A). On December 8, 2004, Plaintiff filed an application for writ of garnishment before this District pursuant to Federal Rule of Civil Procedure 69(a). (Dkt Nos . 1, 2). Subsequently, Mr. Weston filed the instant motions seeking to quash the writ and, at least, stay the enforcement of the garnishment. (Dkt. Nos. 4, 5). The Plaintiff has not responded to these motions.

**Discussion**

The motion to quash challenges the enforcement of the writ of garnishment arguing the Plaintiff should be required to produce additional evidence regarding the judgment creditors and the amount of the judgment. Specifically, Mr. Weston argues that certain of the individual judgment creditors have deceased or become mentally incapacitated and have not properly substituted a personal representative of the estate and, therefore, the writ should be quashed or stayed until such time as the Plaintiff provides proof of the judgment creditors' participation in these proceedings. (Dkt. No. 4). In addition, he asserts the writ is an abuse of process and the amount claimed is "highly inflated." In

---

[1] Such registration was made pursuant to 28 U.S.C.A. § 1963 which states:

A judgment in an action for the recovery of money or property entered in any court of appeals, district court, bankruptcy court, or in the Court of International Trade may be registered by filing a certified copy of the judgment in any other district or, with respect to the Court of International Trade, in any judicial district, when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown. Such a judgment entered in favor of the United States may be so registered any time after judgment is entered. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

A certified copy of the satisfaction of any judgment in whole or in part may be registered in like manner in any district in which the judgment is a lien.

The procedure prescribed under this section is in addition to other procedures provided by law for the enforcement of judgments.

sum, it appears Mr. Weston's motions question the enforcability of the judgment. (Dkt. No. 4).

Having reviewed the record and motions in this matter, the Court finds Mr. Weston's motions fail to demonstrate good cause to stay and/or quash the writ of garnishment. While the registration of the judgment has the same force and effect of a judgment entered by this Court, the challenges raised in the motions essentially question the validity of the judgment entered by the Utah court. Because that court had the benefit of witnessing the trial and in deference to that court's entry of judgment, this Court finds Mr. Weston's arguments are more properly raised before the Utah court. In addition, the interest of comity and the orderly administration of justice weigh in favor of having the original court decide the questions raised on these motions. Accordingly, the Court will deny the motions.

## ORDER

Based on the foregoing and being fully advised in the premises, the Defendant's motion to quash and amended motion to stay are **DENIED**. (Dkt. Nos. 4, 5).

DATED: **May 19, 2005**

Honorable Edward J. Lodge
U. S. District Judge